EMMA C. HOPKINS, EXECUTRIX OF THE ESTATE OF ALBERT J. HOPKINS, DECEASED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 25868. Promulgated November 13, 1931.

*David J. Peffers, Jr., Esq.*, for the petitioner.
*Arthur Carnduff, Esq.*, for the respondent.

806

OPINION.

SEAWELL: With reference to the value of the stocks which were given a higher value by the respondent than was returned by the petitioner, the issue is one of fact. The correctness of the determination of the respondent as to the value of the stock in question is presumed and there is no evidence adduced sufficient to overcome the same.

The evidence shows that the four notes, amounting to $9,000 and claimed as a deduction, did not mature until after decedent's death; that they were made for the son's benefit and that the decedent's liability thereon was contingent upon the son's failure to pay the same; and that the son would be liable to his father in the amount of the notes if he had to pay same because of his son's failure to do so. The evidence further indicates that the son's share in his father's

estate was of as much or more than the face value of the notes. In the circumstances of the case, it is not shown that the estate will eventually sustain any loss by reason of the contingent liability which rested on decedent or his estate by reason of his contingent liability on said notes.

If the estate is compelled to pay all of said notes, it will have the right to subrogation and may recover the amount from the son by subjecting his interest in his father's estate to the satisfaction of the same.

For lack of evidence sufficient to overcome the presumption of the correctness of the respondent's determination, it is approved.

*Judgment will be entered for the respondent.*